UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLAMILEKAN OLAMIPO BALOGUN, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:24-CV-1281-X |
| v. | § § | |
| ALEJANDRO MAYORKAS, et al., | § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

In this immigration case, the plaintiff seeks a writ of mandamus to compel the defendants to adjudicate plaintiff's pending I-589 Application for Asylum and for Withholding of Removal. The plaintiff contends that the defendants have failed to adjudicate his I-589 application within a reasonable time and request this Court's intervention under the Immigration and Naturalization Act (INA),[1] Administrative Procedure Act (APA),[2] and the Mandamus Act.[3] But, as explained below, the plaintiff has failed to demonstrate why this Court has subject-matter jurisdiction over their claims. The Court accordingly **DISMISSES WITHOUT PREJUDICE** this case and grants the plaintiffs twenty-eight (28) days to refile their complaint and address the Court's concerns.

---

[1] 8 U.S.C. § 1158.

[2] 5 U.S.C. § 706(1).

[3] 28 U.S.C. § 1361.

Jurisdiction over these claims hinges entirely on agency discretion, or lack thereof. The APA does not provide judicial review to the extent that "agency action is committed to agency discretion by law."[4] The INA confers such discretion on executive branch agencies.[5] And then the INA strips courts of jurisdiction over individual immigration decisions or actions the executive branch is to make:

> [n]otwithstanding any other provision of law (statutory or nonstatutory) . . . and [28 U.S.C.] sections 1361 and 1651 . . . no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status] . . . or
> >
> > (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.[6]

The Fifth Circuit has confirmed that courts are without jurisdiction to entertain such APA claims, and that Section 1252 applies to the government's "grant or denial of an application for adjustment of status."[7]

In addition, it is unclear whether the Mandamus Act, 28 U.S.C. § 1361, provides jurisdiction. The INA's jurisdiction-stripping provision applies

---

[4] 5 U.S.C. § 701(a)(2); *see also Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) ("The APA provides for judicial review of government action 'only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.'" (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64–65 (2004)), *vacated on mootness grounds*, Nos. 09-10568 & 09-10742, 2010 WL 3633770 (Sept. 16, 2010)).

[5] *See, e.g.*, 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.").

[6] *Bian*, 605 F.3d at 253 (alterations in original) (quoting 8 U.S.C. § 1252(a)(2)(B)).

[7] *Id.*

"[n]otwithstanding any other provision of law (statutory or nonstatutory), including . . . Title 28 . . . section[ ] 1361 [the Mandamus Act]."[8]

The Court will not proceed amidst such jurisdictional uncertainty.  The Court lacks subject-matter jurisdiction to adjudicate what Congress has said it cannot adjudicate, and plaintiffs have failed to present any statutory authority proving the government lacks discretion regarding the actions they challenge.  The case is thus **DISMISSED WITHOUT PREJUDICE**.  The plaintiffs may refile their complaint within twenty-eight (28) days, which should address this Court's subject-matter jurisdiction over their claims to avoid dismissal with prejudice.

**IT IS SO ORDERED** this 8th day of July, 2024.

_[signature]_

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 254 (alterations in original) (quoting 8 U.S.C. § 1252(a)(2)(B)).